UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE RODRIGUEZ HERNANDEZ, | ) | 1:12-cv—00442-BAM-HC |
| | ) | |
| Petitioner, | ) | ORDER TO PETITIONER TO SHOW CAUSE |
| | ) | IN THIRTY (30) DAYS WHY THE |
| | ) | PETITION SHOULD NOT BE DISMISSED |
| v. | ) | FOR PETITIONER'S FAILURE TO |
| | ) | EXHAUST STATE REMEDIES |
| ANTHONY HEDGPETH, | ) | (Doc. 1) |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303. Pending before the Court is Petitioner's petition, which was filed in this Court on March 23, 2012. The petition challenges errors that allegedly occurred at Petitioner's trial in the Kern County Superior Court. (Pet. 4-6.)

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II. Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the

2

1  state's alleged constitutional deprivations. Coleman v.
2  Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509,
3  518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir.
4  1988).

5      A petitioner can satisfy the exhaustion requirement by
6  providing the highest state court with the necessary jurisdiction
7  a full and fair opportunity to consider each claim before
8  presenting it to the federal court, and demonstrating that no
9  state remedy remains available. Picard v. Connor, 404 U.S. 270,
10 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir.
11 1996). A federal court will find that the highest state court
12 was given a full and fair opportunity to hear a claim if the
13 petitioner has presented the highest state court with the claim's
14 factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365
15 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10
16 (1992), superceded by statute as stated in Williams v. Taylor,
17 529 U.S. 362 (2000) (factual basis).

18     Additionally, the petitioner must have specifically told the
19 state court that he was raising a federal constitutional claim.
20 Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669
21 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala
22 v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood,
23 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United
24 States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971),
> we said that exhaustion of state remedies requires that
> petitioners "fairly presen[t]" federal claims to the
> state courts in order to give the State the
> "'opportunity to pass upon and correct' alleged
> violations of the prisoners' federal rights" (some
> internal quotation marks omitted). If state courts are

3

>     to be given the opportunity to correct alleged violations
>     of prisoners' federal rights, they must surely be
>     alerted to the fact that the prisoners are asserting
>     claims under the United States Constitution. If a
>     habeas petitioner wishes to claim that an evidentiary
>     ruling at a state court trial denied him the due
>     process of law guaranteed by the Fourteenth Amendment,
>     he must say so, not only in federal court, but in state
>     court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>     Our rule is that a state prisoner has not "fairly
>     presented" (and thus exhausted) his federal claims
>     in state court unless he specifically indicated to
>     that court that those claims were based on federal law.
>     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>     2000). Since the Supreme Court's decision in Duncan,
>     this court has held that the petitioner must make the
>     federal basis of the claim explicit either by citing
>     federal law or the decisions of federal courts, even
>     if the federal basis is "self-evident," Gatlin v. Madding,
>     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>     Harless, 459 U.S. 4, 7... (1982)), or the underlying
>     claim would be decided under state law on the same
>     considerations that would control resolution of the claim
>     on federal grounds, see, e.g., Hiivala v. Wood, 195
>     F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>     at 865.
>     ...
>     In Johnson, we explained that the petitioner must alert
>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448

4

1  F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,
2  481 (9th Cir. 2001).  The authority of a court to hold a mixed
3  petition in abeyance pending exhaustion of the unexhausted claims
4  has not been extended to petitions that contain no exhausted
5  claims.  Raspberry, 448 F.3d at 1154.
6      Petitioner states that he filed an appeal in the Court of
7  Appeal of the State of California, Fifth Appellate District.
8  (Pet. 2.)  However, Petitioner further states that his issues are
9  pending before the state appellate court.  (Id.)  Petitioner does
10 not describe any proceedings in the California Supreme Court, and
11 he indicates that other than an appeal, he has not filed any
12 other applications concerning the judgment.
13     Therefore, upon review of the instant petition for writ of
14 habeas corpus, Petitioner has not presented his numerous claims
15 to the California Supreme Court.  If Petitioner has not presented
16 all of his claims to the California Supreme Court, this Court
17 cannot proceed to the merits of those claims. 28 U.S.C.
18 § 2254(b)(1).  It is possible, however, that Petitioner has
19 presented his claims to the California Supreme Court and simply
20 neglected to inform this Court.
21     Thus, Petitioner must inform the Court if his claims have
22 been presented to the California Supreme Court, and if possible,
23 provide the Court with a copy of the petition filed in the
24 California Supreme Court, along with a copy of any ruling made by
25 the California Supreme Court.  Without knowing what claims have
26 been presented to the California Supreme Court and ruled upon by
27 the Court, this Court is unable to proceed to the merits of the
28 petition.

### III. <u>Order to Show Cause</u>

Accordingly, Petitioner is ORDERED to show cause why the petition should not be dismissed for Petitioner's failure to exhaust state remedies. Petitioner is ORDERED to inform the Court what claims have been presented to the California Supreme Court and ruled upon by the Court within thirty (30) days of the date of service of this order.

Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110.

IT IS SO ORDERED.

**Dated:   March 28, 2012**            **/s/ Barbara A. McAuliffe**
                                       UNITED STATES MAGISTRATE JUDGE