UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOE RODRIGUEZ HERNANDEZ, | ) | 1:12-cv—00442-LJO-BAM-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS TO |
| | ) | DISMISS THE PETITION WITHOUT |
| v. | ) | PREJUDICE (DOC. 1), DECLINE TO |
| | ) | ISSUE A CERTIFICATE OF |
| ANTHONY HEDGPETH, | ) | APPEALABILITY, AND DIRECT THE |
| | ) | CLERK TO CLOSE THE ACTION |
| Respondent. | ) | **OBJECTIONS DEADLINE:** |
| | ) | **THIRTY (30) DAYS** |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's petition, which was filed in this Court on March 23, 2012.  The petition challenges errors that allegedly occurred at Petitioner's trial in the Kern County Superior Court. (Pet. 4-6.)

I.  Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus.

1

The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

II.   Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v.

2

Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. Picard v. Connor, 404 U.S. 270, 275-76 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 9-10 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be

3

>     alerted to the fact that the prisoners are asserting
>     claims under the United States Constitution. If a
>     habeas petitioner wishes to claim that an evidentiary
>     ruling at a state court trial denied him the due
>     process of law guaranteed by the Fourteenth Amendment,
>     he must say so, not only in federal court, but in state
>     court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

>     Our rule is that a state prisoner has not "fairly
>     presented" (and thus exhausted) his federal claims
>     in state court unless he specifically indicated to
>     that court that those claims were based on federal law.
>     See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir.
>     2000). Since the Supreme Court's decision in Duncan,
>     this court has held that the petitioner must make the
>     federal basis of the claim explicit either by citing
>     federal law or the decisions of federal courts, even
>     if the federal basis is "self-evident," Gatlin v. Madding,
>     189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.
>     Harless, 459 U.S. 4, 7... (1982)), or the underlying
>     claim would be decided under state law on the same
>     considerations that would control resolution of the claim
>     on federal grounds, see, e.g., Hiivala v. Wood, 195
>     F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,
>     88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d
>     at 865.
>     ...
>     In Johnson, we explained that the petitioner must alert
>     the state court to the fact that the relevant claim is a
>     federal one without regard to how similar the state and
>     federal standards for reviewing the claim may be or how
>     obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

Where none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478,

4

481 (9th Cir. 2001).  The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions that contain no exhausted claims.  <u>Raspberry</u>, 448 F.3d at 1154.

　　　III.  <u>Background</u>

　　In the petition, Petitioner stated that he filed an appeal in the Court of Appeal of the State of California, Fifth Appellate District.  (Pet. 2.)  However, Petitioner further stated that his issues were pending before the state appellate court.  (<u>Id.</u>)  Petitioner indicated that he had not filed any other applications concerning the judgment other than his appeal.

　　　Because it did not appear that Petitioner had presented his claims to the California Supreme Court and received a ruling on the claims from that court, this Court issued to Petitioner an order to show cause within thirty days why the petition should not be dismissed for failure to exhaust state court remedies. The order was served by mail on Petitioner on March 28, 2012. However, despite the passage of the pertinent time period for a response, Petitioner has not responded to the order to show cause or sought an extension of time within which to do so.

　　　IV.  <u>Dismissal for Failure to Follow a Court Order</u>

　　Local Rule 110 provides that "...failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions... within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate... dismissal of a case."  <u>Thompson v. Housing</u>

5

<u>Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. <u>Ghazali v. Moran</u>, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); <u>Carey v. King</u>, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); <u>Malone v. U.S. Postal Service</u>, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  <u>Thompson</u>, 782 F.2d at 831; <u>Henderson</u>, 779 F.2d at 1423-24; <u>Malone</u>, 833 F.2d at 130; <u>Ferdik</u>, 963 F.2d at 1260-61; <u>Ghazali</u>, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since March 2012, and in light of petitioner's

6

failure to respond to court orders.  The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The Court's order directing Petitioner to show cause expressly stated, "Petitioner is forewarned that failure to follow this order will result in dismissal of the petition pursuant to Local Rule 110."  (Doc. 6, 6.)  Thus, Petitioner received adequate warning that dismissal would result from his noncompliance with the Court's order.

Accordingly, it will be recommended that the petition be dismissed without prejudice for Petitioner's failure to respond to the Court's order and to prosecute the case.

V. <u>Dismissal without Prejudice for Failure to Exhaust State Court Remedies</u>

Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); <u>Darr v. Burford</u>, 339 U.S. 200, 218-19 (1950), <u>overruled in part on other grounds</u> in <u>Fay v. Noia</u>, 372 U.S. 391 (1963); <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th

7

Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition. Rose v. Lundy, 455 U.S. at 515-16.

Here, Petitioner not only failed to establish exhaustion of state court remedies in the petition, but he further affirmatively indicated that he had not perfected his direct appeal. Although Petitioner was given an opportunity to establish exhaustion in his response to the order to show cause, Petitioner did not avail himself of the opportunity to establish exhaustion. Finally, a search of the official website of the California Supreme Court[1] reflects that on April 19, 2012, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court in Joe Rodriguez Hernandez on Habeas Corpus, case number S201834; however, the California Supreme Court has not ruled on the petition. It thus appears that Petitioner has not exhausted his state court remedies.

Accordingly, it will be recommended that the case be dismissed without prejudice[2] for Petitioner's failure to exhaust

---

[1] The Court may take judicial notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, including undisputed information posted on official web sites. Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993); Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). It is appropriate to take judicial notice of the docket sheet of a California court. White v Martel, 601 F.3d 882, 885 (9th Cir. 2010), cert. denied, 131 S.Ct. 332 (2010). The address of the official website of the California state courts is www.courts.ca.gov.

[2] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by the prohibition on filing second habeas petitions set forth in 28 U.S.C. § 2244(b). See, In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held as follows:

> [I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted

state court remedies.

VI. <u>Certificate of Appealability</u>

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. <u>Miller-El v. Cockrell</u>, 537 U.S. at 336 (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling. <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000).

---

claims. See Fed. Rules Civ. Proc. 41(a) and (b). Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice. Fed. Rules Civ. Proc. 41(b).

<u>Slack v. McDaniel</u>, 529 U.S. 473, 489 (2000).

Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

9

In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id.  It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner.  Petitioner has not made a substantial showing of the denial of a constitutional right.

Accordingly, it will be recommended that the Court decline to issue a certificate of appealability.

VII. Recommendation

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED without prejudice for Petitioner's failure to comply with an order of the Court and his failure to exhaust his state court remedies as to his claims; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the case.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 5, 2012**   /s/ **Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE